IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEONARDO AGUILAR                 :        CIVIL ACTION
                                 :
        v.                       :
                                 :
CITY OF PHILADELPHIA, et al.     :        NO. 25-7353

MEMORANDUM

Bartle, J.                                      March 10, 2026

        Plaintiff, Leonardo Aguilar, alleges he was injured by a fellow inmate while they were both in custody at a police station in Philadelphia.  He has now sued the City of Philadelphia as well as ten John Doe and ten Jane Doe police officers under 42 U.S.C. § 1983 for due process violations under the Fourteenth Amendment.[1]

        Before the court is the motion of the City of Philadelphia to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.[2]

---

[1]    This lawsuit was originally filed in the Court of Common Pleas of Philadelphia County and removed by the City of Philadelphia.

[2]    According to the docket, the City has not accepted service of process on behalf of the Doe defendants.  While the motion uses the plural "defendants," the motion at this stage can only be on behalf of the City.

II

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the light most favorable to the plaintiff.  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); see also Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008).  When there is a document "integral to or explicitly relied upon in the complaint," it may also be considered as there is no concern of lack of notice to the plaintiff.  See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (citation modified)).  The court may also take judicial notice of matters of public record. See id.

The complaint must plead more than "labels and conclusions."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  It must plead more than "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557) (citation modified).  Instead, it must recite sufficient factual content to state a claim that is plausible on its face.  Id.

III

The well pleaded facts for present purposes are accepted as true.  On December 8, 2023, plaintiff was detained by the Philadelphia Police at the 25th Police District station where he was awaiting a formal arraignment on criminal charges. The police placed him in proximity to another inmate who attacked plaintiff with a metal chair or other metal object.  He suffered "serious bodily injuries necessitating medical treatment."  The incident occurred while police were bringing plaintiff as part of a group of inmates out of their cells for their closed-circuit television ("CCTV") arraignments.

Plaintiff avers that the City had unconstitutional policies and practices related to moving inmates from their cells and into the CCTV area to be arraigned.  He also alleged that the City failed to train its police officers to prevent attacks by inmates on other inmates.

IV

The City moves to dismiss on the grounds that the complaint does not state a claim under Monell v. Dept. of Social Services of the City of New York, 436 U.S. 658 (1978).  The City under Monell cannot be held liable under 42 U.S.C. § 1983 pursuant to a theory of respondeat superior or vicarious liability.  The City is accountable only if harm results from an unconstitutional municipal policy, practice, or custom or from

-3-

the City's failure to train its police officers.  See City of Canton v. Harris, 489 U.S. 378, 385, 387 (1989).

The complaint in essence alleges that the City has various official "policies and procedures promulgated by the Chief of Police and/or his or her designee."  These policies, according to the complaint, relate to insufficient staffing and unsafe procedures in bringing numerous inmates at one time out of cells for CCTV arraignment.  The complaint calls the policies "deficient."  For plaintiff to avoid dismissal of these allegations, he must point to "an official proclamation, policy, or edict" by a "decisionmaker possessing final authority to establish a municipal policy" on the relevant subject.  McTernan v. City of York, Pa., 564 F.3d 636, 658 (3d Cir. 2009) (citation modified).  Such official proclamations, policies, or edicts, if they existed, would surely be in writing or a matter of public record.  Yet plaintiff cites none.  The allegations of what plaintiff describes in the complaint as unconstitutional "policies or procedures" are not plausible.

Plaintiff also claims the City had unconstitutional practices or customs of a similar nature.  To pass muster, a plaintiff must allege a given course of conduct "'so permanent[] and well-settled' as to virtually constitute law."  Id. (quoting Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990), superseded in part by statute on other grounds, Civil

-4-

Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071, as stated in Moody v. Atl. City Bd. of Educ., 870 F.3d 206, 214 (3d Cir. 2017)). The plaintiff's allegations in this regard are conclusory. There is nothing in the complaint that supports a plausible claim against the City predicated on unconstitutional well-settled and permanent practices or customs.

Finally, plaintiff alleges that the City is liable for failure to train its police officers on the safety of inmates, on cell room operations, and on the movement of inmates to their arraignments. Failure-to-train liability comes into play only if the City engaged in deliberate indifference to the constitutional rights of the persons affected. City of Canton, 489 U.S. at 388. Negligent administration of a training program, the fact that the program could be better, or the negligence of trained police officers will not suffice. Id. at 390-92. Plaintiff's allegations again fail. They are conclusions. There is simply nothing plausible in the complaint based on the one alleged incident that the City's training was deliberately indifferent to the rights of inmates.