**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LEONARDO AGUILAR | : | |
| vs. | : | **Case No. 2:25-cv-07353-HB** |
| POLICE OFFICER LENO #4150 | : | |
| POLICE OFFICER BASCIANO #1114 | | |
| JOHN DOES 3-10 | : | |
| JANE DOES 1-10 | | |

<u>**PLAINTIFF'S FIRST AMENDED COMPLAINT**</u>

1.      Leonardo Aguilar is an adult individual and resident of the City and County of Philadelphia.

2.      Defendant Police Officer Leno was at all relevant times a Philadelphia Police Officer acting under color of state law and is sued herein in his official capacity.

3.      Defendant Police Officer Basciano was at all relevant times a Philadelphia Police Officer acting under color of state law and is sued herein in his official capacity.

4.      The cell room at the 25th Police District is an area in the District wherein detainees are detained and includes an area wherein detainees are arraigned through closed circuit television.

5.      On or about December 8, 2023, Mr. Aguilar was detained in the 25th Police District awaiting a formal arraignment on alleged domestic violence charges.

6.      On or about that same date, Defendants Police Officer Leno, Police Officer Basciano and approximately five other unknown police officers named herein as John Does 3-10 and Jane Does 1-10 were in charge of operating and securing the cell room.

7.      Mr. Aguilar was physically confined, was not free to leave and was limited in his ability to retreat from danger and/or protect himself from danger.

8.    At all relevant times, Mr. Aguilar was in custody such that a special relationship arose under the law obligating his jailers to protect him from harm.

9.    Pursuant to the same, the Due Process Clause of the Fourteenth Amendment required that Mr. Aguilar be protected from harm.

10.    Further, the Defendants in fact increased the danger to Mr. Aguilar by placing him in the vicinity and area of an inmate named Angel Mejia without protecting him from Mr. Mejia.

11.    While in the custody of Philadelphia Police, the City of Philadelphia and Mr. Aguilar's jailers breached their obligation to protect Mr. Aguilar from harm.

12.    Specifically, Mr. Aguilar was attacked by an individual named Angel Mejia who was also being detained by the Philadelphia Police.

13.    The police personnel including Defendants Leno, Basciano and the unknown defendants were present at the time of the attack, failed to prevent the attack, allowed the attack to occur and failed to intervene in a timely fashion so as to prevent Mr. Aguilar from sustaining injuries.

14.    As a result of the attack, Mr. Mejia struck Mr. Aguilar with, on information and belief, a metal chair or some type of metal object, causing serious bodily injuries necessitating medical treatment.

**Count I:**

**Leonardo Aguilar v.**

**Police Officer Leno, Police Officer Bascio and John Does 3-10/Jane Does 1-10**

**<u>Violation of Due Process under the Fourteenth Amendment</u>**

15.    Plaintiff reincorporates all preceding paragraphs.

16.     On or about December 8, 2025, Mr. Aguilar was in the custody of the City of Philadelphia, a local political subdivision organized under a Home Rule Charter and existing within the Commonwealth of Pennsylvania.

17.     As such, Mr. Aguilar's freedom and liberty was restrained such that he was unable to protect himself.

18.     In addition, he was a pretrial detainee rather than an inmate serving a judgment of sentence.

19.     On or about December 8, 2023, Defendants Leno, Basciano and the Doe Defendants failed to protect Mr. Aguilar and/or timely intervene and allowed Mr. Aguilar to be injured by Angel Mejia while both men were in custody in violation of their obligations under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

20.     Moreover, Defendants actions and inactions amounted to punishment of Mr. Aguilar, a pretrial detainee, in violation of the Due Process Clause to the Fourteenth Amendment.

21.     As a result of all of this, Mr. Aguilar sustained serious bodily injuries necessitating medical treatment, all of which was in violation of his Due Process rights under the Fourteenth Amendment.

**WHEREFORE**, for all of the foregoing reasons, judgment is demanded against the Doe Defendants in an amount in excess of $75,000.00.

Respectfully submitted,

By: */s/ Jason Javie*
      **JASON JAVIE**
      Attorneys for Plaintiff

Date: May 18, 2026