# JASON JAVIE, P.C.

Two Penn Center, Suite 1815
John F. Kennedy Boulevard
Philadelphia, PA 19102

Jason Javie
Member of Pa., N.J., La. & Fl. Bars
jason@javielaw.com

215-563-7642
215-563-7614
Fax 215-563-9145

NEW JERSEY OFFICE
523 Cooper Street, Suite 301
Camden, NJ
856-782-1007

May 21, 2026

**VIA CERTIFIED MAIL 7019 1120 0001 5786 8529**
**Police Officer Leno #4150**
**c/o City Solicitor**
**1515 Arch Street, 14 Floor**
**Philadelphia, PA 19107**

Re: *Aguilar v. Police Officer Leno, et al.*
**25-cv-7353-HB**

To Whom It May Concern:

Please be advised that I represent plaintiff Leonardo Aguilar in connection with a civil action against Police Officer Leno and Police Officer Basiano. The amended complaint was filed on May 18, 2026 in the United States District Court for the Eastern District of Pennsylvania. This notice is provided to you in accordance with Rule 4 of the Federal Rules of Civil Procedure.

## WHY ARE YOU GETTING THIS?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached. This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within thirty (30) days from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

## WHAT HAPPENS NEXT?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service. Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: May 21, 2026

Jason Javie
Attorney for Plaintiff
Jason.javie@crllaw.com
215-563-7642
215-563-9145 (Fax)

## DUTY TO AVOID UNNECESSARY EXPENSES OF SERVING A SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

JJ/rr

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Eastern District of Pennsylvania

| | | |
|---|---|---|
| LEONARDO AGUILAR | ) ) ) ) | |
| *Plaintiff(s)* | ) ) | |
| v. | ) ) ) | Civil Action No. 25-7353 |
| POLICE OFFICER LENO #4150; POLICE OFFICER BASCIANO #1114; JOHN DOES 3-10 and JANE DOES 1-10 | ) ) ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

POLICE OFFICER LENO
C/O CITY SOLICITOR
1515 ARCH ST
PHILA PA 19107

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jason David Javie
Jason Javie, P.C.
Two Penn Center
1500 John F. Kennedy Boulevard, Suite 900
Philadelphia, PA 19102

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:    5/18/2026

George Wylesol, Clerk of Court
U.S. District Court, Eastern District of PA

*Amanda Frazier*
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.    25-7353

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):* _____

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEONARDO AGUILAR                              :

     vs.                                        :

                                **Case No. 2:25-cv-07353-HB**

POLICE OFFICER LENO #4150                     :
POLICE OFFICER BASCIANO #1114
JOHN DOES 3-10                                :
JANE DOES 1-10

### PLAINTIFF'S FIRST AMENDED COMPLAINT

1. Leonardo Aguilar is an adult individual and resident of the City and County of Philadelphia.

2. Defendant Police Officer Leno was at all relevant times a Philadelphia Police Officer acting under color of state law and is sued herein in his official capacity.

3. Defendant Police Officer Basciano was at all relevant times a Philadelphia Police Officer acting under color of state law and is sued herein in his official capacity.

4. The cell room at the 25th Police District is an area in the District wherein detainees are detained and includes an area wherein detainees are arraigned through closed circuit television.

5. On or about December 8, 2023, Mr. Aguilar was detained in the 25th Police District awaiting a formal arraignment on alleged domestic violence charges.

6. On or about that same date, Defendants Police Officer Leno, Police Officer Basciano and approximately five other unknown police officers named herein as John Does 3-10 and Jane Does 1-10 were in charge of operating and securing the cell room.

7. Mr. Aguilar was physically confined, was not free to leave and was limited in his ability to retreat from danger and/or protect himself from danger.

8.    At all relevant times, Mr. Aguilar was in custody such that a special relationship arose under the law obligating his jailers to protect him from harm.

9.    Pursuant to the same, the Due Process Clause of the Fourteenth Amendment required that Mr. Aguilar be protected from harm.

10.    Further, the Defendants in fact increased the danger to Mr. Aguilar by placing him in the vicinity and area of an inmate named Angel Mejia without protecting him from Mr. Mejia.

11.    While in the custody of Philadelphia Police, the City of Philadelphia and Mr. Aguilar's jailers breached their obligation to protect Mr. Aguilar from harm.

12.    Specifically, Mr. Aguilar was attacked by an individual named Angel Mejia who was also being detained by the Philadelphia Police.

13.    The police personnel including Defendants Leno, Basciano and the unknown defendants were present at the time of the attack, failed to prevent the attack, allowed the attack to occur and failed to intervene in a timely fashion so as to prevent Mr. Aguilar from sustaining injuries.

14.    As a result of the attack, Mr. Mejia struck Mr. Aguilar with, on information and belief, a metal chair or some type of metal object, causing serious bodily injuries necessitating medical treatment.

**Count I:**

**Leonardo Aguilar v.**

**Police Officer Leno, Police Officer Bascio and John Does 3-10/Jane Does 1-10**

**<u>Violation of Due Process under the Fourteenth Amendment</u>**

15.    Plaintiff reincorporates all preceding paragraphs.

16.     On or about December 8, 2025, Mr. Aguilar was in the custody of the City of Philadelphia, a local political subdivision organized under a Home Rule Charter and existing within the Commonwealth of Pennsylvania.

17.     As such, Mr. Aguilar's freedom and liberty was restrained such that he was unable to protect himself.

18.     In addition, he was a pretrial detainee rather than an inmate serving a judgment of sentence.

19.     On or about December 8, 2023, Defendants Leno, Basciano and the Doe Defendants failed to protect Mr. Aguilar and/or timely intervene and allowed Mr. Aguilar to be injured by Angel Mejia while both men were in custody in violation of their obligations under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

20.     Moreover, Defendants actions and inactions amounted to punishment of Mr. Aguilar, a pretrial detainee, in violation of the Due Process Clause to the Fourteenth Amendment.

21.     As a result of all of this, Mr. Aguilar sustained serious bodily injuries necessitating medical treatment, all of which was in violation of his Due Process rights under the Fourteenth Amendment.

**WHEREFORE**, for all of the foregoing reasons, judgment is demanded against the Doe Defendants in an amount in excess of $75,000.00.

Respectfully submitted,

By: */s/ Jason Javie*
    **JASON JAVIE**
    Attorneys for Plaintiff

Date: May 18, 2026

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | | |
|---|---|---|
| LEONARDO AGUILAR | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 25-cv-7533-HB |
| POLICE OFFICER LENO, ET AL | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: JASON JAVIE, P.C.
     *(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

                                                    *Signature of the attorney or unrepresented party*

      POLICE OFFICER LENO
*Printed name of party waiving service of summons*

                                                       *Printed name*

                                                        *Address*

                                                    *E-mail address*

                                                  *Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.