**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LEONARDO AGUILAR**, | : | |
| **Plaintiff** | : | No. 25-7353 |
| **vs.** | : | |
| | : | (Judge Bartle) |
| **CITY OF PHILADELPHIA, et al.** | : | |
| **Defendants** | : | |
| | : | |

**ORDER**

**AND NOW**, this _____ day of _____, **2026**, upon consideration

of Plaintiff's Motion for Entry of Default Judgment, it is hereby **ORDERED** and **DECREED**

that the motion is **GRANTED**. Default is entered against Defendants Police Officer Leno

and Police Officer Basciano for failure to file an answer to the Plaintiff's Complaint.

By the Court:

_____

J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LEONARDO AGUILAR**, | : | |
| **Plaintiff** | : | No. 25-7353 |
| **vs.** | : | |
| | : | (Judge Bartle) |
| **CITY OF PHILADELPHIA, et al.** | : | |
| **Defendants** | : | |
| | : | |

### REQUEST FOR DEFAULT

**AND NOW**, Plaintiff Leonardo Aguilar, by and through his attorney, Jason Javie, hereby applies for an entry of default against Defendants Leno and Basciano for failing to file an answer to Plaintiff's complaint.

1.      Jason Javie is counsel for the Plaintiff in the above-captioned matter.

2.      The instant civil rights action was initiated via a complaint filed in the Philadelphia Court of Common Pleas against the City of Philadelphia.

3.      The City Solicitor's Office filed a notice of removal on or about December 30, 2025.

4.      Thereafter, a motion to dismiss was filed and granted, but the Court permitted counsel to file an amended complaint naming the individual officers involved in Plaintiff's injury.

5.      Said amended complaint was filed May 18, 2026. See ECF no. 20.

6.      Requests to waive service were sent and subsequently ignored. See ECF nos. 24 and 25.

7.      On July 2, 2026, service was effectuated on Defendants Leno and Basciano. See ECF nos. 29 and 30.

2

8.     The Rules of Civil Procedure required the defendants to file a responsive pleading within 21 days, <u>see</u> Fed.R.Civ.P. 8(1)(A)(i), or by July 23, 2026.

9.     As of the filing of the within motion, the defendants have failed to file a responsive pleading or motion.

10.    There appears no reason of record excusing the defendants' failure to file a responsive pleading.

11.    Accordingly, Plaintiff now applies for the entry of default pursuant to Rule 55(a).

**WHEREFORE**, for all of the foregoing reasons, the request for relief should be **GRANTED.**

<table>
<tr><td></td><td>**Respectfully submitted**,</td></tr>
<tr><td>Dated: **August 5, 2026**</td><td>*/s/ Jason Javie*</td></tr>
<tr><td></td><td>**Jason Javie**<br>Suite 1815<br>Two Penn Center<br>1500 John F. Kennedy Boulevard<br>Philadelphia, Pennsylvania  19102<br>(215) 563-7642<br>*jason@javielaw.com*</td></tr>
</table>

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LEONARDO AGUILAR**, | : | |
| **Plaintiff** | : | No. 25-7353 |
| **vs.** | : | |
| | : | (Judge Bartle) |
| **CITY OF PHILADELPHIA, et al.** | : | |
| **Defendants** | : | |
| | : | |

**MEMORANDUM OF LAW**

**AND NOW**, Plaintiff Leonardo Aguilar, by and through his attorney, Jason Javie, hereby requests that the Clerk enter default as to all defendants in this matter.

### I.      Facts

Jason Javie is counsel for the Plaintiff in the above-captioned matter. The instant civil rights action was initiated via a complaint filed in the Philadelphia Court of Common Pleas against the City of Philadelphia. The City Solicitor's Office filed a notice of removal on or about December 30, 2025. Thereafter, a motion to dismiss was filed and granted, but the Court permitted counsel to file an amended complaint naming the individual officers involved in Plaintiff's injury. Said amended complaint was filed May 18, 2026. See ECF no. 20. Requests to waive service were sent and subsequently ignored. See ECF nos. 24 and 25. On July 2, 2026, service was effectuated on Defendants Leno and Basciano. See ECF nos. 29 and 30.

### II.      Legal Framework

In Removal Cases, the Rules of Civil Procedure required the defendants to file a responsive pleading within at least 21 days of removal. See Fed.R.Civ.P. 81(c)(2). When

4

a party fails to file a responsive pleading, a Plaintiff may seek entry of default and ultimately default judgment. An entry of default judgment by this court is permissible pursuant to Federal Rule of Civil Procedure 55(b)(2). Fed. R. Civ. P. 55(b)(2). Default judgment may only be entered if there has been proper service of process against the defendant. See, e.g., Super 8 Motels, Inc. v. Amba LLC, No. 5-CV-2767, 2006 U.S. Dist. LEXIS 77971 at *9 (D.N.J. Oct. 26, 2006) (Lifland, U.S.D.J.). A plaintiff must first obtain a clerk's entry of default against the defendant before moving for a default judgment. See Fed. R. Civ. P. 55(a); see also Lansford-Coaldale Joint Water Auth. v. Tonolli Corp., 4 F.3d 1209, 1226 (3d Cir.1993). Once default has been entered, the plaintiff is not necessarily entitled to a default judgment, as courts are advised to resolve a case on its merits rather than by default wherever possible. See Hritz v. Woma Corp., 732 F. 2d 1178, 1181 (3d Cir. 1984).

### III.    Argument

Plaintiff now applies for the entry of default pursuant to Rule 55(a). Indeed, as the docket reveals, the defendants were served with process on July 2, 2026 when counsel's process server delivered copies of the complaints and summons to the City Solicitor's Office in Philadelphia. Because waiver of service was requested and ignored, ordinary rules of pleading applied. Under Rule Fed.R.Civ.P. 8(1)(A)(i), defendants were afforded 21 days to file a responsive pleading or motion. Thus, a responsive pleading or motion was due by July 23, 2026. Nevertheless, the defendants have not filed a responsive pleading. Under Rule 55(a), default must be entered in order that Plaintiff may subsequently move for a default judgment.

**IV.    Conclusion**

WHEREFORE, for all of the foregoing reasons, the request for relief should be GRANTED.

Respectfully submitted,

Dated: **August 5, 2026**

/s/ Jason Javie

**Jason Javie**
Suite 1815
Two Penn Center
1500 John F. Kennedy Boulevard
Philadelphia, Pennsylvania  19102
(215) 563-7642
jason@javielaw.com

## CERTIFICATE OF SERVICE

And now, on the **5th** day of **August, 2026**, Jason Javie, being duly sworn according to law, hereby certifies that a true and correct copy of the foregoing motion was served upon the following individuals:

**U.S. District Court Clerk**
**Eastern District of Pennsylvania**
**James A. Byrne U.S. Courthouse**
**601 Market Street**
**Philadelphia, PA 19106P**

**City of Philadelphia Law Department**
**Civil Rights Unit**
**1515 Arch St**
**Philadelphia, PA 19102**
VIA FIRST CLASS MAIL

*/s/ Jason Javie*
**Jason Javie**
**Attorney for Corey Broaster**

7